# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ADELA BAI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TCP INTERNATIONAL HOLDINGS LTD., KAREL ROBERT DEN DAAS, ELLIS YAN, and BRIAN CATLETT, <br><br> Defendants. | Case No. 1:16-cv-00102 <br><br> JUDGE: Hon. Donald C. Nugent |

## STIPULATION OF SETTLEMENT

**THIS STIPULATION OF SETTLEMENT,** dated July 20, 2017, is made and entered into by and among the following Settling Parties to this Litigation: (i) the Lead Plaintiffs (on behalf of themselves and members of the Settlement Class), by and through counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

On November 11, 2015, a class action complaint, eventually styled *Bai v. TCP International Holdings Ltd. et al*, 1:16-cv-00102-DCN (the "Complaint"), was filed against Defendants for claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5.

The Complaint alleges claims arising from statements concerning the TCP International Holdings Ltd. ("TCPI" or the "Company") business, operations, and prospects. Specifically, Lead Plaintiff alleges that Defendants made false and/or misleading statements and/or failed to disclose that: (i) TCPI's Chairman, defendant Ellis Yan ("Yan"), had made improper payments with his personal funds relating to TCPI's business; (ii) improper relationships existed between Yan and the Company's Vice-Chairman, Zhaoling Yan, and certain vendors; and (iii) as a result of the foregoing, Defendants' statements about TCPI's business, operations, and prospects were false and misleading and/or lacked a reasonable basis.

On March 18, 2016, the Court appointed movants Michael Rivkind, Robert H. Anthony, Adela Bai, and Roland L. Willis (collectively, the "TCP International Investor Group") as Lead Plaintiff, and Pomerantz LLP and Levi Korsinsky LLP as Lead Counsel for the putative class. At the March 18, 2016 hearing, Lead Plaintiff indicated that it intended to file an amended complaint once TCPI

released updated quarterly financial results. These financial results, according to Lead Plaintiff, would include information concerning the improper payments between Yan and TCPI's customers and/or vendors and, therefore, were highly relevant to the allegations at issue. (ECF No. 56.).

Following the appointment of Lead Plaintiff, Lead Counsel continued its investigation into the facts underlying the litigation. Lead Counsel, through investigators retained on behalf of Lead Plaintiff, interviewed several former employees of TCPI to obtain additional information concerning (i) alleged improper payments between Yan and TCPI's vendors and (ii) status of internal controls over financial reporting at the Company.

By May 25, 2016, TCPI had not yet released its updated quarterly financial results and/or the results of an internal investigation into the allegations at issue in this matter. On consent, the parties asked the Court to stay the case pending the release of the TCPI's financial information. The Court granted the request to stay the case, and continued the matter to August 2, 2016. (ECF No. 58)

By August 2, 2016, TCPI still had not yet released its updated quarterly financial results and/or the results of an internal investigation into the allegations at issue in this matter. The parties again asked the Court to stay the case. The Court granted the request to stay, and continued the matter to December 6, 2016. (ECF No. 63).

On December 2, 2016, the parties informed the Court that they had agreed to explore settlement through private mediation and, in light of the possibility of settlement, requested that the case be continued to a date after the anticipated mediation. (ECF No. 65) The Court granted the request and set a status conference for February 22, 2017. (ECF No. 66)

On January 25, 2017, the parties participated in an all-day private mediation session with Hon. Wayne Anderson (Ret.).  The mediation resulted in a settlement in principle. The parties proceeded to memorialize the agreement in a Memorandum of Understanding, which the parties executed on March 7, 2017 after additional negotiations.

On February 22, 2017, the parties appeared before the Court as scheduled and informed the Court that the matter had been resolved, in principle, through the private mediation. (ECF No. 68.).

## II.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the action have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the action against Defendants through trial and through appeals.  Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this action, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff and its counsel also are mindful of the inherent problems of proof, and possible defenses to the securities law violations asserted in the action.  Lead Plaintiff and its counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, Lead Plaintiff and its counsel have determined that the settlement set forth in the Stipulation is in the best interests of Lead Plaintiff and the Settlement Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants believe that the claims asserted in the action are completely without merit. Defendants have denied and continue to deny any and all

wrongdoing whatsoever and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants have denied, and continue to deny each and all of the claims alleged by Lead Plaintiff in the Litigation and deny that they have committed any of the wrongful acts or violations of law that are alleged in the Litigation, including that they made any material misrepresentations or omissions. Defendants deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also deny, among other things, the allegations that the Lead Plaintiff or the Settlement Class have suffered damages and that the Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Consolidated Complaint or its predecessor complaints. In addition, Defendants have meritorious defenses to all claims alleged in the Litigation. Nonetheless, Defendants have agreed to enter into the Settlement to avoid the expense, distraction, and time associated with continuing the Litigation. Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Nothing in this Stipulation shall be construed or deemed to be an admission or concession on the part of Defendants with respect to any claim or any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that Defendants have asserted or may assert.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff, acting on behalf of itself and all members of the

Settlement Class, and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), the Litigation, the Released Claims, and all matters encompassed within the scope of the releases set forth or referenced in this Stipulation shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to all Released Persons, upon and subject to the terms and conditions of the Stipulation, as follows:

## **DEFINITIONS**

As used in this Stipulation, the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any member of the Settlement Class whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claimant" means any member of the Settlement Class who files a Proof of Claim and Release in such form and manner, and within such time, as the Court shall prescribe.

1.3 "Claims Administrator" means Strategic Claims Services.

1.4 "Complaint" means the Class Action Complaint, filed in the Litigation on November 11, 2015, ECF No. 1.

1.5 "Court" means the United States District Court for the Northern District of Ohio, Eastern Division.

1.6 "Defendants" means TCP International Holdings Ltd., Karel Robert den Daas, Ellis Yan, and Brian Catlett.

1.7 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.1 of the Stipulation have been met and have occurred.

1.8   "Escrow Account" means the interest-bearing account controlled by the Escrow Agent.

1.9   "Escrow Agent" means Huntington Bank.

1.10   "Fee and Expense Application" means the application or applications Lead Counsel may submit for an award of attorneys' fees not to exceed thirty-percent (30%) of the Settlement Amount, plus expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.

1.11   "Fee and Expense Award" means the order of the Court authorizing the payment from the Settlement Fund of Lead Counsel's attorneys' fees and expenses if and to the extent allowed by the Court.

1.12   "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur:  (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed, or if such a motion is filed, an order denying such motion; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been noticed or taken; and (iii) if any appeal is taken, immediately after (a) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment, or (b) the date of final affirmance on appeal of the Judgment, the expiration of time for any further judicial review, whether, by appeal, reconsideration, or a petition for writ of certiorari and if, certiorari is granted, the date of final affirmance of the Judgment following review pursuant to such grant.  For purposes of this paragraph,

an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and/or expenses, the Plan of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims; any proceeding or appeal pertaining solely to one or more of these excluded issues shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.13 "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should enter a Judgment approving the proposed Settlement.

1.14 "Judgment" means the proposed Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, in the form attached hereto as Exhibit B, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

1.15 "Lead Counsel" means Pomerantz LLP and Levi & Korsinsky LLP.

1.16 "Lead Plaintiff" means Michael Rivkind, Robert H. Anthony, Adela Bai, and Roland L. Willis (collectively, the "TCP International Investor Group") by order of the Court dated March 18, 2016.

1.17 "Litigation" means this proceeding, *Bai v. TCP International Holdings Ltd. et al*, 1:15-cv-08889-DCN, pending in the Court, including, without limitation, all cases consolidated under that caption.

1.18 "Net Settlement Fund" means the Settlement Fund less (i) any Fee and Expense Award; (ii) notice and administration costs; (iii) Taxes and Tax

Expenses; (iv) any Lead Plaintiff's compensatory award; and (iv) other Court-approved deductions that occur before distribution of the proceeds of the Settlement Fund to the Settlement Class.

1.19  "Notice" shall mean the Notice of Proposed Class Action Settlement, in the form annexed hereto as Exhibit A-1 to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

1.20  "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.21  "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Persons shall have no responsibility for the Plan of Allocation or its implementation and no liability with respect thereto.

1.22  "Postcard Notice" shall mean the Postcard Notice of Proposed Class Action Settlement, in the form annexed hereto as Exhibit A-2 to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

1.23   "Preliminary Approval Order" means the [Proposed] Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Settlement Class, in the form annexed hereto as Exhibit A, or such other substantially similar form agreed to by the Settling Parties, as entered by the Court.

1.24   "Proof of Claim and Release" means a completed Proof of Claim and Release, substantially in the form of Exhibit A-4 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release, submitted as required under ¶ 6.3 herein.

1.25   "Related Persons" of a Person or entity means any of that Person or entity's past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of that Person or entity, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries..

1.26   "Released Claims" means any and all claims (including Unknown Claims as defined in ¶ 1.39 hereof), duties, debts, demands, rights, disputes, suits, matters, damages, losses, obligations, proceedings, issues, judgments, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary or otherwise; restitution, rescission; interest; attorneys' fees;

expert or consulting fees; and any other costs, expenses, charges, or liability whatsoever), whether based on federal, state, local, statutory, common, administrative, or foreign law or any other law, rule or regulation, or at equity, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, at law or in equity, whether class, derivative, or individual in nature, which now exist, or heretofore have existed, been asserted, or that could have been asserted by the Lead Plaintiff or any member of the Settlement Class against Defendants, TCPI, and their respective Related Persons based upon, arising out of, or relating in any way to:  (i) the allegations, matters, facts, transactions, events, occurrences, disclosures, statements, acts, omissions, or failures to act that were or could have been alleged in the Litigation, or (ii) the purchase, acquisition, disposition, sale, or retention of TCPI securities by Lead Plaintiff or any member of the Settlement Class during the Settlement Class Period.  Expressly excluded from Released Claims are the matters set forth in ¶ 5.5 of this Stipulation.

1.27  "Released Persons" means each and all of the Defendants and their respective Related Persons.

1.28  "Settlement" means the settlement between Lead Plaintiff, on behalf of itself and the members of the Settlement Class, and the Defendants on the terms set forth in this Stipulation.

1.29  "Settlement Amount" means One Million One Hundred Thousand Dollars ($1,100,000).

1.30  "Settlement Class" means, for purposes of this Settlement, and to be certified pursuant to Fed. R. Civ. P. 23, for purposes of effectuating this Settlement

only: all Persons who purchased or otherwise acquired TCPI common stock (ticker symbol: TCPI) on the public market between May 9, 2015 and November 5, 2015, inclusive, and were damaged thereby.  Excluded from the Settlement Class are Defendants; members of the Defendants' immediate families; officers, directors, and subsidiaries of TCPI; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of their immediate families; and the legal representatives, heirs, or successors-in-interest of TCPI and the Defendants. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Proposed Class Action Settlement.

1.31   "Settlement Class Period" means the period between May 9, 2015 and November 5, 2015, inclusive.

1.32   "Settlement Fund" means the principal amount of One Million One Hundred Thousand Dollars ($1,100,000), plus any accrued interest earned thereon.

1.33   "Settling Parties" means, collectively, Defendants and Lead Plaintiff on behalf of itself and the members of the Settlement Class.

1.34   "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto, each of which is incorporated by reference as though set forth in the Stipulation itself.

1.35   "Summary Notice" means the summary notice describing the Settlement of the Litigation and the hearing on the Settlement, in the form annexed hereto as Exhibit A-3 to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

1.36 "Supplemental Agreement" means the confidential agreement executed between Lead Counsel and Defendants' counsel allowing for the termination of this Settlement under certain circumstances.

1.37 "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

1.38 "Tax Expenses" means any tax-related expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶ 2.10.

1.39 "TCPI" means TCP International Holdings Ltd.

1.40 "Unknown Claims" means any and all claims, of every nature and description, that Lead Plaintiff and/or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, would or might have affected his, her, or its settlement with and release of the Released Persons, or would or might have affected his, her, or its decision not to object to this Settlement or not to exclude himself, herself, or itself from the Settlement Class or to release the Released Claims. Lead Plaintiff and members of the Settlement Class may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff upon the Effective Date shall expressly, fully, finally, and forever settle and release, and each member of the Settlement Class, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims,

known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive, and each of the members of the Settlement Class shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff acknowledges, and the members of the Settlement Class shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims and the foregoing waiver were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

## THE SETTLEMENT

### *The Settlement Fund*

2.1    In consideration of the terms of this Stipulation, Defendants shall cause certain payment(s) to be made to the Settlement Class, as set forth below, in full settlement of all Released Claims against the Released Persons. To enable

timely payment, Lead Counsel shall provide Defendants' counsel with wire instructions and a W-9.

2.2    No more than fifteen (15) business days after both preliminary approval of the Settlement by the Court and receipt of wire transfer instructions and a Form W-9 pursuant to ¶ 2.1 above (whichever date is later), the sum of $1,100,000 (One Million One Hundred Thousand Dollars) shall be deposited by or on behalf of Defendants into the Escrow Account;

2.3    The payments described in ¶ 2.2 are the only payments to be made by or on behalf of Defendants in connection with this Settlement. All fees, costs, and expenses incurred by or on behalf of the Lead Plaintiff and the Settlement Class associated with this Settlement, including, but not limited to, Taxes, Tax Expenses, any administrative costs and costs of providing notice of the Settlement to members of the Settlement Class, and any award of attorneys' fees and expenses of Lead Counsel shall be paid from the Settlement Fund, and in no event shall Defendants or their Related Persons bear any additional responsibility or liability for any such fees, costs, or expenses.

2.4    This is not a claims-made settlement. Upon the occurrence of the Effective Date, neither Defendants nor any person or entity that paid any portion of the Settlement Fund on their behalf shall have any right of the return of the Settlement Fund or any portion thereof irrespective of the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  In no instance shall any of the Defendants be required to pay any amount in excess of the Settlement Amount.

### *The Escrow Agent*

2.5    The Escrow Agent shall invest the Settlement Amount(s) deposited pursuant to ¶ 2.1 hereof in short term United States agency or other Treasury securities or other instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent.

2.6    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by an order of the Court.

2.7    Subject to further order and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.8    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.9    Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses reasonably incurred in connection with providing notice to the Settlement Class, locating members of the Settlement Class, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and

Release forms, and paying escrow fees and costs, if any.  If the Effective Date does not occur, the Settlement Fund will be returned to Defendants, less the costs or expenses incurred in connection with providing notice to the Settlement Class and administering the Settlement.  In no event shall the Released Persons have any responsibility or liability for the administration of the Settlement Fund.

*Taxes*

2.10    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.10(a) hereof) shall be consistent with this ¶ 2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the

Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.10(c) hereof.

(c)     All Taxes and Tax Expenses shall be paid out of the Settlement Fund; in no event shall the Released Persons, their counsel, or their insurers have any responsibility for, or liability whatsoever with respect to, the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons harmless for any Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Persons, their counsel, nor their insurers are responsible, nor shall they have any liability, with respect to any Taxes or Tax Expenses.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

### *Termination of the Settlement*

2.11  In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason (*see infra* ¶¶ 8.1-8.6), the Settlement Amount, including accrued interest, less any expenses and taxes paid,

incurred or due and owing in connection with notice and administration of the Settlement shall be refunded to such Persons that paid the Settlement Amount(s) pursuant to written instructions from Defendants' counsel to the Escrow Agent in accordance with ¶ 8.4 herein.

## PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL HEARING

3.1     Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court, and Lead Counsel shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, among other things, the preliminary approval of the Settlement set forth in the Stipulation; approval for mailing the Notice, in the form of Exhibit A-1 or A-2 attached hereto, or such other substantially similar form agreed to by the Settling Parties and approved by the Court; and publication of the Summary Notice, in the form of Exhibit A-3 attached hereto, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

3.2     Lead Counsel shall request that, after notice is given, the Court hold a Final Approval Hearing to consider and determine whether to approve the Settlement pursuant to the terms of this Stipulation as fair, reasonable, and adequate, and whether the Judgment, substantially in the form of Exhibit B attached hereto, should be entered approving the Settlement as set forth herein and dismissing the Litigation with prejudice.  At or after the Final Approval Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

## CERTIFICATION OF THE SETTLEMENT CLASS

4.1     Solely for purposes of this Settlement, and subject to approval by the Court, the Settling Parties agree that the Settlement Class shall be certified and Lead Plaintiff and Lead Counsel shall be appointed as representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23, as set forth in the Preliminary Approval Order.  For settlement purposes only, and for no other purpose than as set forth in and to effectuate this Stipulation, Defendants will not object to such certification on the terms set forth in this Stipulation. If the Settlement Class is not certified, the Litigation will, for all purposes with respect to the Settling Parties, revert to its status as of the day immediately preceding the execution of the Stipulation.  In such event, (i) Defendants will not be deemed to have consented to the certification of any class, (ii) the Stipulation concerning the class definition or class certification shall not be used as evidence or in an argument in support of class definition or class certification, and (iii) Defendants will retain all rights to oppose class certification.

## RELEASES

5.1     The satisfaction of the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Released Claims.

5.2     The Final Order and Judgment shall, among other things, provide for the full and complete dismissal of the Action with prejudice, and the settlement and release of, and a permanent injunction barring, any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or

unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in any court, tribunal or proceeding, (including but not limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs or any member of the class, whether individual, direct, class, representative, legal, equitable, or any other type or in any other capacity (collectively, the "Releasing Persons") against Defendants, including but not limited to any controlling persons, associates, affiliates or subsidiaries and each and all of their respective past or present officers, members, managers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, insurers, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns (the "Released Persons") which the Releasing Persons ever had, now have, or may have had by reason of, arising out of, relating to, or in connection with: (i) the purchase or acquisition of TCPI publicly traded common stock during the Class Period, or (ii) the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations or omissions or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Action or which could have been included in the allegations in the Action; provided, however that the Released Claims shall not include any claims to enforce the Settlement.

5.3    Upon the Effective Date, Lead Plaintiff, each and every member of the Settlement Class, their respective Related Persons, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any member of the Settlement Class any of the Released Claims (or to obtain the proceeds of any recovery therefrom) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed all Released Claims (including Unknown Claims) against the Released Persons, whether or not such member of the Settlement Class executes and delivers a Proof of Claim and Release form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application.

5.4    Upon the Effective Date, Lead Plaintiff and all members of the Settlement Class and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims (including Unknown Claims) against any of the Released Persons; provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

5.5    Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, the members of the Settlement Class,

and Lead Counsel and their Related Persons from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims; provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

5.6    Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants with respect to their insurers and/or the insurers' Related Persons, including, but not limited to, any rights or claims under any directors' and officers' liability insurance or other applicable insurance coverage maintained by TCPI.

## ADMINISTRATION AND CALCULATION OF CLAIMS AND SUPERVISION AND DISTRIBUTION OF SETTLEMENT FUND

6.1    The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by members of the Settlement Class and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2    The Settlement Fund shall be applied as follows:

(a)    to pay the fees and expenses reasonably and actually incurred in connection with providing notice, including:

i.    Printing and mailing of the Notice and Proof of Claim and Release to the Settlement Class;

ii.    Publication of the Summary Notice;

iii.    The Claims Administrator's costs and fees for services performed in connection with the administration of the Settlement contemplated by this Stipulation;

iv.    Costs to reimburse brokers or nominees in connection with dissemination of the Notice to the Class;

v.    Fees and expenses reasonably and actually incurred in locating members of the Settlement Class;

(b)    to pay the fees and expenses reasonably and actually incurred in connection with assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing Proofs of Claim and Releases;

(c)    to pay escrow fees and costs, if any;

(d)    to pay Taxes and Tax Expenses;

(e)    to pay the Fee and Expense Award;

(f)    after the Judgment is Final, to pay any Lead Plaintiff compensatory award granted by the Court; and

(g)    after the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation and Plan of Allocation, as approved by the Court.

6.3    After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following: Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized

Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-4 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.  All Proofs of Claim and Releases must be submitted by the date specified in the Notice, unless such period is extended by the Court.

6.4    Except as otherwise ordered by the Court, all members of the Settlement Class who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims so long as distribution of the Net Settlement Fund is not materially delayed thereby.

6.5    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be, subject to the payment of any additional previously unreimbursed fees, costs, and expenses related to the administration of the

Settlement, donated to an appropriate, non-profit 501(c)(3) charitable organization as determined by Lead Counsel.

6.6    Defendants, their counsel, and their insurers shall have no role in, responsibility for, interest in, or liability with respect to any of the following: (i) any act, omission, or determination of Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with administering the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the review, determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or filing of any returns.  No Person shall have any claim of any kind against the Released Persons with respect to the administration, investment, distribution, and/or supervision of the Settlement Fund, and Lead Plaintiff, the members of the Settlement Class, and Lead Counsel release Defendants their counsel, and their insurers from any and all liability arising from or with respect to the administration, investment, distribution, and/or supervision of the Settlement Fund.

6.7    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  It is further understood and agreed by the Settling Parties that any order or proceeding relating to the Plan of Allocation shall not operate to

terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

### LEAD COUNSEL'S ATTORNEYS' FEES AND EXPENSES

7.1    Lead Counsel may submit the Fee and Expense Application for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount, plus expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred in connection with the preservation of the Settlement Fund and/or the administration of the Settlement.  Defendants shall have no obligation to pay any portion of Lead Counsel's attorneys' fees or Litigation Expenses, aside from payment of the Settlement Amount, and take no position with respect to Lead Counsel's Fee and Expense Application. Any Fee and Expense Application will be filed with the Court at least fourteen (14) calendar days before the court-ordered deadline for Class Members to submit Requests for Exclusion pursuant to ¶ 6.3(a) or file objections pursuant to ¶ 4.3.  Defendants will take no position on Plaintiffs' Counsel's Fee and Expense Application.

7.2    The attorneys' fees and expenses, including the fees and expenses of experts and consultants, as awarded by the Court, shall be payable to Plaintiffs' Counsel from the Settlement Fund, as ordered, upon the entry of the Court's order awarding such fees and expenses.  Payments for attorneys' fees and expenses in cash shall be released from escrow and wired as directed to Plaintiffs' Counsel

after entry of the Court's order awarding such fees and expenses, notwithstanding the existence of any timely filed objections to, or potential for appeal from, or collateral attack on, the Settlement or any part thereof.  In the event that a final order has been entered reversing or reducing an already paid award of attorneys' fees and expenses, after adjudication of any appeals thereon, Plaintiffs' Counsel shall repay within ten (10) Business Days the amounts reduced or reversed into the Settlement Fund.  In the event that Judgment is not entered by the Court, final approval of the Settlement is otherwise denied by the Court, the Stipulation is terminated, or the Effective Date does not occur for any reason, within ten (10) Business Days after receiving notice from Defendants' Counsel or notice of an order from a court of appropriate jurisdiction, Plaintiffs' Counsel shall return to the TCPI Settlement Fund Escrow Account the full amount of all funds paid to them, together with any actual interest earned thereon, for reversion to the TCPI Defendants or their insurance carriers, as instructed by Defendants' Counsel. Plaintiffs' Counsel and any other plaintiff's counsel's law firm that receives fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Federal Court for the purpose of enforcing the provisions of this paragraph, and each shall be severally liable for repayment of all attorneys' fees and expenses awarded by the Federal Court and the State Court.

7.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall within ten (10) business days from receiving notice from Defendants' counsel or

from a court of appropriate jurisdiction, refund (less the deductions provided in ¶¶ 2.9 and 2.10) to the Settlement Fund the fees and expenses previously paid to Lead Counsel from the Settlement Fund, plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification.  Lead Counsel receiving fees and expenses, agree as a condition of receiving such fees and expenses, that they are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph.

7.4    The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth herein.

7.5    The Released Persons shall have no responsibility for, or liability with respect to, the payment of any Fee and Expense Award to Lead Counsel out of the Settlement Fund.

7.6    The Released Persons shall have no responsibility for the allocation of any Fee and Expense Award among Lead Counsel and/or any other Person who may assert some claim thereto, and the Released Persons take no position with respect to such matters.

## <u>CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL,</u>
## <u>CANCELLATION OR TERMINATION</u>

8.1    The Effective Date of this Stipulation shall be the date when all of the following shall have occurred and is conditioned on the occurrence of all of the following events:

(a)    The Court has entered the Preliminary Approval Order as described in ¶ 3.1 hereof;

(b)    Defendants have paid or caused to be paid into the Escrow Account the amount(s) set forth in ¶ 2.1;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 8.3 hereof;

(d)    The Court has entered the Judgment, substantially in the form of Exhibit B attached hereto, or such other substantially similar form agreed to by the Settling Parties; and

(e)    The Judgment has become Final, as defined in ¶ 1.12 hereof.

8.2    Upon the occurrence of all of the events referenced in ¶ 8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶ 8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶ 8.5 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to otherwise proceed with the Stipulation.

8.3    Defendants shall have the option in their sole discretion to terminate the Settlement in the event that Persons who purchased more than a certain amount of shares of TCPI securities during the Settlement Class Period choose to exclude themselves from the Settlement Class, as set forth in a separate agreement executed

between Lead Counsel and Defendants' counsel, which is incorporated by reference into this Stipulation. The Supplemental Agreement will be "Confidential" and will not be filed with the Court unless requested by the Court or unless a dispute among the Settling Parties concerning its interpretation or application arises and, in that event, the parties shall request that the Supplemental Agreement be filed and maintained under seal.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.  Lead Counsel may review the validity of any Settlement Class Member's request for exclusion and may attempt to cause retraction or withdrawal of any request for exclusion.  No Defendant or Released Person shall in any way interfere with, obstruct or seek to enjoin efforts by Lead Counsel to seek to have those Settlement Class Members who requested exclusion to withdraw their requests for exclusion.  If, by the business day before the Final Approval Hearing (or a later date agreed upon in writing by Lead Counsel and Defendants' counsel), Lead Counsel are successful in reducing the number of excluded Settlement Class Members so that those Settlement Class Members excluded, in the aggregate, purchased shares in an amount less than a certain percentage of the total number of TCPI shares purchased during the Class Period, as set forth in the Supplemental Agreement, then any withdrawal from the Stipulation by Defendants shall automatically be deemed null and void.  In that event, Lead Counsel shall serve on Defendants' counsel by (a) hand delivery or (b) electronic mail, provided that no rejection notice occurs and that identical notice is sent by United States Mail, first-class postage pre-paid, a statement identifying the Settlement Class Members who have withdrawn their requests for exclusion.

8.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or the Effective Date shall not occur for any reason, then within ten (10) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses and costs reasonably and actually incurred pursuant to ¶ 2.9 and Taxes and Tax Expenses that have been paid pursuant to ¶ 2.10 hereof, shall be refunded by Lead Counsel to the entity or entities that provided the funds, based on their *pro rata* contribution to the Settlement Fund, as indicated in writing to Lead Counsel and the Escrow Agent by Defendants' counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, in a similar *pro rata* manner, pursuant to written instructions from Defendants' counsel.

8.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective for any reason, the Settling Parties shall be deemed to have reverted to their respective status and litigation positions in the Litigation as of the date and time immediately prior to the execution of this Stipulation.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 2.6, 2.8-2.11, 7.3, 8.3-8.4, 8.6, 9.2-9.4, 10.3, 10.5, and 10.13-10.14 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of

the Court concerning the Plan of Allocation or the amount of any Fee and Expense Award shall constitute grounds for cancellation or termination of the Stipulation.

8.6    Notwithstanding any provision herein to the contrary, if the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed pursuant to ¶¶ 2.9-2.10 hereof.    In addition, any expenses already incurred and properly chargeable pursuant to ¶ 2.9 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶ 2.11 and 8.4 hereof.

## NO ADMISSION OF WRONGDOING

9.1    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Judgment will contain a finding that, during the Course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.2    Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including its exhibits, all negotiations, discussions, drafts, and proceedings in

connection with this Settlement, and any act performed or document signed in connection with the Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of:  (i) any acts of wrongdoing or lack thereof; (ii) any liability on the part of any of the Defendants or the Released Persons to Lead Plaintiff, the Settlement Class, or anyone else; (iii) any deficiency of any claim or defense that has been or could have been asserted in the Litigation; or (iv) any damages, or lack of damages, suffered by Lead Plaintiff, the Settlement Class, or anyone else.

9.3    The Stipulation and the Settlement contained herein, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is not nor may be deemed to be nor may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; and (ii) is not nor may be deemed to be nor may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and their Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

9.4    The Stipulation and the Settlement contained herein, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) shall not be construed against any Released Parties, Lead

Plaintiff, or any other member of the Settlement Class as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could or would have been recovered after trial; and (ii) shall not be construed as or admitted in evidence as an admission, concession, or presumption against Lead Plaintiff or any other member of the Settlement Class that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

## MISCELLANEOUS PROVISIONS

10.1  The Settling Parties (i) acknowledge that it is their intent to consummate this Settlement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

10.2  Defendants will have no involvement in or responsibility for reviewing, approving, or challenging claims, except that Defendants shall provide within twenty (20) days following the Parties' execution of the Stipulation, and without any charge to Lead Plaintiff or the Class, shareholder lists, as appropriate for providing notice to the Class, in a format designated by the claims administrator for mailings.

10.3   Before the Parties enter into a final settlement agreement, Defendants will provide limited documents to Plaintiff related to the issues identified in the Complaint. Defendants will also make available to Plaintiff a single witness of Defendants' choosing to be interviewed by Plaintiff by telephone or at a location convenient to the witness regarding the issues identified in the Complaint.

10.4   Pending final determination of whether the Stipulation should be approved, Lead Counsel, Lead Plaintiff, and the members of the Settlement Class are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Persons.

10.5   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

10.6   All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

10.7   This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

10.8   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.9   The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Settling Party shall bear its own costs.

10.10 Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that they deem appropriate.

10.11 Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

10.12 The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

10.13 The Stipulation may be executed in one or more counterparts, including by signature transmitted by email in pdf format. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

10.14 The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.15 Any disputes arising out of the finalization of the Settlement or the Settlement itself shall be resolved by Hon. Wayne Anderson (Ret.). As an initial step, Judge Anderson shall conduct an expedited telephonic mediation among the Parties.

10.16 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

10.17 The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Ohio, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Ohio without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of _____.

[Signatures on following page]

Charles F. Smith
Marcella L. Lape
Gail E. Lee
SKADDEN, ARPS, SLATE,
MEAGHER
    & FLOM LLP
155 North Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: 312/407-0700

*Attorneys for Defendants TCP
International Holdings Ltd, Karel
Robert den Daas, and Brian Catlett*

Nicholas I. Porritt
Adam M. Apton
Levi & Korsinsky LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20003
Telephone: (202) 524-4290

*Lead Counsel for Lead Plaintiff TCP
International Investor Group*

Judy L. Woods
BENESCH, FRIEDLANDER,
COPLAN,
    & ARONOFF LLP
One American Square, Suite 2300
Indianapolis, IN 46282
Telephone: 317/632-3232

*Attorney for Ellis Yan*

Leigh Handelman Smollar

Patrick V. Dahlstrom
Leigh Handelman Smollar
Omar Jafri
POMERANTZ LLP
10 South LaSalle Street, Ste. 3505
Chicago, IL 60603
(312) 377-1181

*Lead Counsel for Lead Plaintiff TCP
International Investor Group*