EXHIBIT A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| ADELA BAI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TCP INTERNATIONAL HOLDINGS LTD., KAREL ROBERT DEN DAAS, ELLIS YAN, and BRIAN CATLETT,<br><br>Defendants. | Case No. 1:16-cv-00102<br><br>JUDGE: Hon. Donald C. Nugent |

### [PROPOSED] ORDER PRELIMINARILY APPROVING THE SETTLEMENT, DIRECTING THE ISSUANCE OF NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING

**WHEREAS:**

A. Lead Plaintiff TCP International Investor Group ("Lead Plaintiff") and defendants TCP International Holdings, Ltd. ("TCPI" or "the Company"), Karel Robert den Daas, Ellis Yan ("Yan"), and Brian Catlett, (the "Individual Defendants" and together with TCPI, the "Defendants") have entered into a Stipulation and Agreement of Settlement dated as of _____ 2017 (the "Stipulation") in full and final settlement of each and every Released Claim against TCPI, the Individual Defendants, and the other Released Persons, the terms of which are set forth in the Stipulation (the "Settlement");

B. Lead Plaintiff and Defendants (collectively, the "Settling Parties") have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily

approving the Settlement in accordance with the terms of the Stipulation and providing notice of the proposed Settlement to the Settlement Class; and

C. The Court has read and considered the Stipulation and exhibits thereto, including the proposed (i) Notice to the Settlement Class; (ii) Proof of Claim and Release Form; (iii) Order and Final Judgment; and (iv) Postcard Notice, and finds that substantial and sufficient grounds exist for entering this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation. Any inconsistencies between the Stipulation and the Notice approved herein will be controlled by the language of the Stipulation.

2. The proposed Settlement, as set forth in the Stipulation, is preliminarily approved as fair, reasonable and adequate.

3. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind on the part of any Defendant, or by Lead Plaintiff of any lack of merit to the claims asserted in the Action.

4. The Court hereby preliminarily certifies the Action to proceed as a class action for purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons and entities who purchased or otherwise acquired the publicly traded common stock of TCPI (symbol: TCPI) from May 9, 2015, through November 5, 2015, and who, based on conduct asserted in the Action, were damaged thereby. Excluded from the Settlement Class are Defendants; members of the Defendants' immediate families; officers, directors, and subsidiaries of

TCPI; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of their immediate families; and the legal representatives, heirs, or successors-in-interest of TCPI and the Defendants.

5. The Court preliminarily finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiff Members Michael Rivkind, Robert H. Anthony, Adela Bai, and Roland L. Willis and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court preliminarily finds and concludes that, pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of settlement only, Lead Plaintiff Members Michael Rivkind, Robert H. Anthony, Adela Bai, and Roland L. Willis are adequate class representatives and certifies the Lead Plaintiff Members as class representative for the Settlement Class.

7. Lead Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

8.	The Settlement Fairness Hearing shall be held before this Court on _____, 2017 at \_\_\_\_\_, at the United States District Court for the Northern District of Ohio, United States Courthouse, Carl B. Stokes United States Court House, 801 West Superior Avenue, Courtroom 15A, Cleveland, Ohio ("Final Approval Hearing") to determine:

a.	whether this Action should be finally certified as a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

b.	whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate and should be approved;

c.	whether the Released Claims against the Released Persons should be dismissed with prejudice as set forth in the Stipulation;

d.	whether the proposed Plan of Allocation for the proceeds of the Settlement should be approved by the Court;

e.	whether the application by Lead Counsel for an award of attorney fees and reimbursement of litigation expenses should be approved;

f.	to determine the amount of reimbursement of costs and expenses for representation of the Settlement Class Pursuant to Private Securities Litigation Reform Act of 1995 ("PSLRA") 15 U.S.C. § 78u-4 (a)(4);

g.	to determine whether a compensatory award should be granted to Lead Plaintiff Members Michael Rivkind, Robert H. Anthony, Adela Bai, and Roland L. Willis to reimburse them for the time and expense they expended in prosecuting this Action and fulfilling their obligations under the PSLRA; and

h.	such other matters as the Court may deem appropriate.

9. The Court reserves the right to approve the Settlement and/or the Plan of Allocation with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Released Claims against the Released Persons with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorney fees and litigation expenses.

10. The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion For Attorney Fees and Reimbursement of Litigation Expenses (the "Notice"); the Postcard Notice of Proposed Settlement, Settlement Fairness Hearing, and Motion For Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Postcard Notice") (together the "Settlement Notices"); and the Proof of Claim and Release ("Claim Form"), and finds that the procedures established for publication, mailing and distribution of such Settlement Notices and the Claim Form substantially in the manner and form set forth in ¶¶ 11-12 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances. Lead Counsel is hereby authorized to issue the Postcard Notice, and Claim Form, in substantially their present forms, to those members of the Class that can be identified through reasonable effort.

11. Within five (5) business days from the date of entry of this Order, TCPI shall provide Lead Plaintiff and/or the Claims Administrator with an electronic copy of its transfer agent's transfer records for TCPI stock (consisting of registered shareholder names and addresses) for the period beginning May 9, 2015, through and including November 5, 2015. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice Postcard and Claim Form. Lead Counsel shall cause the Postcard Notice and the Claim Form,

substantially in the form annexed hereto as Exhibits A-2 and A-4, respectively, to be mailed, by first class mail, postage prepaid, within twenty-one (21) business days from the date of entry of this Order, to all members of the Settlement Class at the address of each such person or entity, as set forth in the transfer records for TCPI stock or who otherwise may be identified through reasonable effort. The date of such initial mailing shall be referred to as the "Notice Date." The Claims Administrator shall also use reasonable efforts to send the Notice and Claim Form to all nominees (such as brokerage firms and other persons or entities who purchased TCPI common stock during the Class Period as record owners but not as beneficial owners). Nominees are directed to forward copies of the Postcard Notice and Proof of Claim to their beneficial owners within ten (10) calendar days of receipt of the Notice, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Claim Form promptly to such beneficial owners. Nominee purchasers who elect to send the Postcard Notice and Claim Form to the beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Postcard Notice and Claim Forms shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of identifying and sending Notices and Claim Forms to beneficial owners.

12. Within five (5) business days after the Notice is mailed, Lead Counsel shall cause the Long Form Notice, Postcard Notice, and Claim Form to be published on the web site maintained by the Claims Administrator, as approved herein by the Court, at www.strategicclaims.net/TCP.

13. To effectuate the provision of notice provided for in ¶¶ 11-12 hereof, and the collection, analysis, and determination of Claim Forms submitted in accordance with the terms of the Notice, and other actions required by this Order, Lead Counsel is authorized to retain Strategic Claims Services, or such other similarly qualified entity as may be required, as Claims Administrator and may pay the reasonable and customary fees and costs associated with the review of claims and administration of the Settlement up to $75,000 out of the Settlement Fund without further order of the Court.

14. The Claims Administrator, under the direction of Lead Counsel, is authorized and directed to prepare any tax returns required to be filed on behalf of the Settlement Fund and to cause any taxes due and owing to be paid from the Settlement Fund.

15. Lead Counsel shall submit their papers in support of final approval of the Settlement, Plan of Allocation, their application for attorney fees and reimbursement of litigation expenses, and any application for a compensatory award no later than twenty-eight (28) business days before the Final Settlement Hearing and reply papers, if any, to any objections filed pursuant to ¶ 18 hereof shall be submitted at least seven (7) business days before the Settlement Hearing.

16. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail to the address designated in the Notice, postmarked no later than fourteen (14) business days prior to the Settlement Hearing. Such request for exclusion shall clearly indicate the name, address, and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in *Bai v. TCP International Holdings, Ltd., et al.*, No. 1:16-cv-00102, and must

be signed by such person. Such persons requesting exclusion are also directed to state: the dates(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of TCPI publicly traded common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17. Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

18. Any Class Member who has not requested exclusion from the Settlement Class may appear at the Settlement Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; why the Order and Final Judgment should or should not be entered; why the Plan of Allocation should or should not be approved as fair and reasonable; why Lead Counsel should or should not be awarded attorneys' fees and reimbursement of litigation expenses in the amounts sought by Lead Counsel with the approval of Lead Plaintiff; or why a compensatory award should or should not be granted to Lead Plaintiff Members Michael Rivkind, Robert H. Anthony, Adela Bai, and Roland L. Willis; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered approving the same, the proposed Plan of Allocation, Lead Counsel's application for an award of attorney's fees and payment of expenses, or a requested compensatory award unless, no later than fourteen (14) business days prior to the Settlement Hearing, such Class Member has properly and timely served by hand or by first-class mail for receipt by such date by the counsel listed below written objections and copies of any supporting papers and briefs (which must contain proof of all purchases, acquisitions, sales, and

dispositions of the publicly traded common stock of TCPI made by such Class Member during the Class Period) upon Lead Counsel and counsel for Defendants as follows:

<u>Lead Plaintiff's Lead Counsel</u>:

Leigh Handelman Smollar
Pomerantz LLP
10 South LaSalle St.
Suite 3505
Chicago, IL  60603
Telephone: (312) 377-1181

and

<u>Defendants' Counsel</u>:

Charles F. Smith
Skadden, Arps, Slate,
Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606-1720

Any member of the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  Members of the Settlement Class who do not enter an appearance will be represented by Lead Counsel.  Persons and/or entities who intend to object to the Settlement, Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, and/or any application for a compensatory award, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

19. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, the Order

and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorney fees and reimbursement of litigation expenses.

20. Any response to any objections shall be filed no later than seven (7) business days before the Settlement Hearing. Only Settlement Class Members shall have any rights with respect to approval of or objection to the Settlement, Plan of Allocation, the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses, and any requested compensatory award.

21. In order to be entitled to participate in the Settlement, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and are subject to the following conditions:

    a. A properly executed Claim Form, substantially in the form attached hereto as Exhibit 2, must be submitted to:

> TCP Int'l Litigation,
> c/o Strategic Claims Services,
> P.O. Box 230,
> 600 N. Jackson Street, Suite 3, Media, PA 19063

To be valid and accepted, a Claim Form submitted in connection with this Settlement must be postmarked no later than thirty (30) calendar days after the date of the Settlement Hearing set forth in paragraph 8 above. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Claim Form is actually received prior to the motion for an Order of the Court approving the distribution of the Net Settlement Fund. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated above.

        b.      The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statement, an authorized statement from the broker containing the transaction information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

        c.      As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

22.      Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action are stayed, except for proceedings relating to the Settlement.

23.      At or after the Settlement Hearing, the Court will determine whether the motion of Lead Counsel for an award of attorneys' fees and reimbursement of out-of-pocket expenses and for reimbursement of costs and expenses for representation of the Settlement Class pursuant to the PSLRA should be approved.

24. All reasonable costs incurred in identifying and notifying Members of the Settlement Class, as well as administering the Settlement and distributing the Net Settlement Fund, shall be paid as set forth in the Stipulation.

25. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Stipulation, except as otherwise set forth in the Stipulation.

26. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

27. Pending final determination of whether the Settlement should be approved, Lead Plaintiff and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Claims against Released Persons.

**IT IS SO ORDERED**, this _____ day of _____, 2017.

_____
Honorable Donald C. Nugent
United States District Court Judge