*EXHIBIT A-1*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

*Bai v. TCP International Holdings, Ltd., et al.*

No. 1:16-cv-00102

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT,
SETTLEMENT FAIRNESS HEARING, AND MOTION FOR AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:    All Persons who purchased or otherwise acquired TCP International Holdings Ltd.
("TCPI") common stock (ticker symbol: TCPI) on the public market between May
9, 2015, and November 5, 2015 (the "Class Period") inclusive, and were damaged
thereby.**

**Excluded from the Settlement Class are Defendants; members of the Defendants'
immediate families; officers, directors, and subsidiaries of TCPI; any firm, entity, or
corporation wholly owned by any Defendant and/or any member(s) of a Defendant's
immediate family; any trust of which a Defendant is the settlor or which is for the benefit
of a Defendant and/or any member of their immediate families; and the legal
representatives, heirs, or successors-in-interest of TCPI and the Defendants. Also excluded
from the Settlement Class are those Persons who timely and validly request exclusion from
the Settlement Class pursuant to the Notice of Proposed Class Action Settlement.**

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY
LEGAL PROCEEDINGS IN THIS LITIGATION.  IF YOU ARE A MEMBER OF THE
CLASS, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE
PROPOSED SETTLEMENT DESCRIBED BELOW.  TO CLAIM YOUR SHARE OF THE
SETTLEMENT FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND
RELEASE FORM POSTMARKED ON OR BEFORE _____, 2017

Please be advised that the Court-appointed Lead Plaintiff TCP International Investor Group
(consisting of Lead Plaintiff members Michael Rivkind, Robert H. Anthony, Adela Bai, and
Roland L. Willis) has reached a Settlement of this Action that will resolve all claims of Lead
Plaintiff and the Settlement Class (as defined below) against all defendants (the "Settlement"), as
described below.  This Notice has been sent to you pursuant to an Order of the United States
District Court, Northern District of Ohio (the "Court") in the above-captioned action (the
"Action").  This Notice explains important rights you may have, including your possible receipt
of a cash distribution from the Settlement.  Your legal rights are affected whether or not you act.

**A federal court authorized this Notice.  This is not a solicitation from a lawyer.**

**CLASS RECOVERY:** The Settlement is contingent upon approval by the Court.  The amount
of the proposed Settlement in this Action is $1.1 million. The amount you receive will depend
upon the number of shares of TCPI stock that you, and other Class members who file claims,

purchased and sold and the prices at which you, and other Class members who file claims, purchased and sold those shares. For purposes of the $1.1 million Settlement, Lead Plaintiff estimates that 1,830,362 million shares have been affected by the events alleged in this Action, and that if purchasers of 100% of affected shares participate in the Settlement, pursuant to the Plan of Allocation (see Section IV below), the average recovery per share could be $0.60 before deduction of any fees, expenses, costs, and compensatory awards.  The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

**POTENTIAL OUTCOME OF THE CASE:** The parties disagree on both liability and damages, and do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff prevailed on each claim alleged under the Securities Exchange Act of 1934.   Lead Plaintiff's damages expert has estimated that the maximum amount of damages recoverable at trial, in the aggregate, if Lead Plaintiff prevails on all claims, is $2.2 million. Lead Plaintiff continues to believe that the claims in this Action have merit. However, Lead Plaintiff and Lead Counsel recognize that numerous factual, legal and practical hurdles remain, including: (a) the possibility that the Court would dismiss Lead Plaintiff's amended complaint; (b) the possibility that the Court would deny class certification; (c) the likelihood that Defendants would move for summary judgment on some or all claims; (d) the uncertainty and expense of trial; (e) the uncertainty of an appeal of any favorable verdict; and (f) the uncertainty of collection of any favorable verdict that is upheld on appeal.  After considering these risks, and the uncertainty and delay of continued litigation, Lead Plaintiff and Lead Counsel believe the Settlement is in the best interests of the Class.  The Defendants continue to deny that they are liable to Lead Plaintiff or the Class and deny that Lead Plaintiff or the Class have suffered any damages.  The Settlement is not any admission of wrongdoing or liability.

**DEADLINES:**  The following is a list of deadlines by which you must take any action you wish to take with respect to the Settlement:

Submit Claim: _____, 2017
Request Exclusion: _____, 2017
File Objection: _____, 2017
Court Hearing on Final Approval of Settlement: _____, 2017

You can obtain additional information about the Action and this Notice by contacting the Claims Administrator: TCP Int'l Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 3, Media, PA 19063, Tel.: 866-274-4004,Email: info@strategicclaims.net; or by contacting Lead Plaintiff's Lead Counsel:  Leigh Handelman Smollar, Pomerantz LLP, 10 South LaSalle St., Suite 3505, Chicago, Illinois  60005, Telephone: 312-377-1181.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

## I.        <u>THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT</u>

The proposed Settlement affects the rights of the members of the Class, consisting of:

> All Persons who purchased or otherwise acquired TCPI common stock (ticker symbol: TCPI) on the public market between May 9, 2015 and November 5, 2015 (the "Class Period") inclusive, and were damaged thereby.

***This Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.***

## II.   THE LITIGATION

### Summary of the Litigation

The Court handling this Action is the United States District Court for the Northern  District of Ohio, and the case is known as *Bai v. TCP International Holdings, Ltd., et al.*, No. 1:16-cv-00102.  The TCP International Investor Group, consisting of Michael Rivkind, Robert H. Anthony, Adela Bai, and Roland L. Willis, was appointed by the Court to be the Lead Plaintiff.  The Defendants in this Action are TCPI, Karel Robert den Daas, Ellis Yan ("Yan"), and Brian Catlett.

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) against Defendants.  The lawsuit claims that Defendants misled investors by making false and/or misleading statements and/or failing to disclose that: (i) TCPI's Chairman, defendant Yan had made improper payments with his personal funds relating to TCPI's business; (ii) improper relationships existed between Yan and the Company's Vice-Chairman, Zhaoling Yan, and certain vendors; and (iii) as a result of the foregoing, Defendants' statements about TCPI's business, operations, and prospects were false and misleading and/or lacked a reasonable basis.

Lead Plaintiff filed its complaint on November 11, 2015.  On March 18, 2016, the Court appointed the TCP International Investor Group as Lead Plaintiff and approved the TCP International Investor Group's selection of Pomerantz LLP and Levi Korsinsky LLP as Lead Counsel.  Lead Plaintiff had intended to file an amended complaint once TCPI released updated quarterly financial results, but the parties reached a settlement while waiting for those updated results.

### Discovery, investigation, and research of Lead Counsel:

Before agreeing to the Settlement, Lead Plaintiff and Lead Counsel conducted extensive investigation and research into the merits of the Action. Lead Counsel also conducted discovery prior to executing the Stipulation of Settlement. Following the appointment of Lead Plaintiff, Lead Counsel continued its ongoing investigation into the facts underlying the litigation. Lead Counsel, through investigators retained on behalf of Lead Plaintiff, interviewed several former

employees of TCPI to obtain additional information concerning (i) the alleged improper payments between Yan and TCPI's vendors and (ii) status of internal controls over financial reporting at the Company.  Lead Plaintiff used this information to develop a draft amended complaint.

## III.     THE SETTLEMENT

Lead Counsel and Defendants' Counsel reached the Settlement after protracted negotiations that began in December 2015 with the assistance of a nationally-recognized mediator and former federal judge, the Honorable Wayne Andersen (ret.).  Settlement talks progressed at an in-person mediation session on January 25, 2017, and continued until the parties reached an agreement in principle to this Settlement on March 7, 2017.  During these negotiations, the parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the parties at trial, and other important factual and legal issues.  These negotiations resulted in the agreement to settle all claims of the Class against the Defendants as reflected in the Stipulation, entered into on _____, 2017.

**The Release:**

Unless you exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the transactions at issue and the claims that were or could have been raised in the Action.  To receive the payment under the Settlement, if the Settlement is approved, you must release all "Released Claims," including "Unknown Claims," against the "Released Persons."

**"Released Claims"** means any and all claims (including Unknown Claims as definedbelow), duties, debts, demands, rights, disputes, suits, matters, damages, losses, obligations, proceedings, issues, judgments, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary or otherwise; restitution, rescission; interest; attorneys' fees; expert or consulting fees; and any other costs, expenses, charges, or liability whatsoever), whether based on federal, state, local, statutory, common, administrative, or foreign law or any other law, rule or regulation, or at equity, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, at law or in equity, whether class, derivative, or individual in nature, which now exist, or heretofore have existed, been asserted, or that could have been asserted by the Lead Plaintiff or any member of the Settlement Class against Defendants, TCPI, and their respective Related Persons based upon, arising out of, or relating in any way to:  (i) the allegations, matters, facts, transactions, events, occurrences, disclosures, statements, acts, omissions, or failures to act that were or could have been alleged in the Litigation, or (ii) the purchase, acquisition, disposition, sale, or retention of TCPI securities by Lead Plaintiff or any member of the Settlement Class during the Settlement Class Period.  Expressly excluded from Released Claims are the matters set forth in ¶ 5.5 of the Stipulation.

**"Released Persons"** means each and all of the Defendants and their respective Related Persons.

**"Unknown Claims"** means any and all claims, of every nature and description, that Lead Plaintiff and/or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, would or might have affected his, her, or its settlement with and release of the Released Persons, or would or might have affected his, her, or its decision not to object to this Settlement or not to exclude himself, herself, or itself from the Settlement Class or to release the Released Claims. Lead Plaintiff and members of the Settlement Class may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff upon the Effective Date shall expressly, fully, finally, and forever settle and release, and each member of the Settlement Class, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive, and each of the members of the Settlement Class shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff acknowledges, and the members of the Settlement Class shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims and the foregoing waiver were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

## IV.    PROPOSED PLAN OF ALLOCATION:

The $1,100,000 settlement amount and any interest earned thereon shall be the Settlement Fund. The Settlement Fund less taxes, approved costs, fees, expenses and any compensatory award (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Proofs of Claim ("Authorized Claimants").

The Settlement Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The Plan of Allocation has taken into consideration the Limitation on Damages provision of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss shall be calculated as follows:

For TCPI shares purchased during the Class Period (*i.e.,* between May 9, 2015 and November 5, 2015, both dates inclusive), the Recognized Loss per share shall be calculated as follows:

1. There is no recognized loss for any shares purchased before May 9, 2015.

2. For each share of TCPI common stock that was purchased during the period May 9, 2015 through November 5, 2015, inclusive, and that was subsequently sold prior to November 6, 2015, the Recognized Loss per share is $0.00.

3. For each share of TCPI common stock that was purchased during the period May 9, 2015 through November 5, 2015, inclusive, and that was subsequently sold during the period November 6, 2015 through February 3, 2016, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

    a. $1.21; or

    b. the per-share purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 1 below.

4. For each share of TCPI common stock that was purchased during the period May 9, 2015 through November 5, 2015, inclusive, and still held as of February 4, 2016, the Recognized Loss per share is *the lesser of*:

    a. $1.21.; or

    b. the purchase price *minus* the average closing price for TCPI common stock during the 90-Day Lookback Period, which is $0.92.

5. There is no recognized loss for shares purchased on or after November 6, 2015.

| Table 1 | | | | | |
|---|---|---|---|---|---|
| 90-Day Lookback Value by Sale/Disposition Date | | | | | |
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 11/6/2015 | $1.02 | 12/7/2015 | $1.02 | 1/6/2016 | $0.97 |
| 11/9/2015 | $0.99 | 12/8/2015 | $1.02 | 1/7/2016 | $0.96 |
| 11/10/2015 | $0.94 | 12/9/2015 | $1.02 | 1/8/2016 | $0.96 |
| 11/11/2015 | $0.93 | 12/10/2015 | $1.01 | 1/11/2016 | $0.96 |
| 11/12/2015 | $0.91 | 12/11/2015 | $1.00 | 1/12/2016 | $0.96 |

*EXHIBIT A-1*

| | | | | | |
|---|---|---|---|---|---|
| 11/13/2015 | $0.90 | 12/14/2015 | $0.99 | 1/13/2016 | $0.95 |
| 11/16/2015 | $0.89 | 12/15/2015 | $0.99 | 1/14/2016 | $0.95 |
| 11/17/2015 | $0.88 | 12/16/2015 | $0.98 | 1/15/2016 | $0.95 |
| 11/18/2015 | $0.87 | 12/17/2015 | $0.98 | 1/19/2016 | $0.95 |
| 11/19/2015 | $0.87 | 12/18/2015 | $0.97 | 1/20/2016 | $0.95 |
| 11/20/2015 | $0.89 | 12/21/2015 | $0.96 | 1/21/2016 | $0.94 |
| 11/23/2015 | $0.91 | 12/22/2015 | $0.96 | 1/22/2016 | $0.94 |
| 11/24/2015 | $0.92 | 12/23/2015 | $0.96 | 1/25/2016 | $0.94 |
| 11/25/2015 | $0.93 | 12/24/2015 | $0.97 | 1/26/2016 | $0.94 |
| 11/27/2015 | $0.95 | 12/28/2015 | $0.97 | 1/27/2016 | $0.94 |
| 11/30/2015 | $0.97 | 12/29/2015 | $0.97 | 1/28/2016 | $0.93 |
| 12/1/2015 | $0.98 | 12/30/2015 | $0.97 | 1/29/2016 | $0.93 |
| 12/2/2015 | $1.00 | 12/31/2015 | $0.97 | 2/1/2016 | $0.93 |
| 12/3/2015 | $1.01 | 1/4/2016 | $0.97 | 2/2/2016 | $0.93 |
| 12/4/2015 | $1.02 | 1/5/2016 | $0.97 | 2/3/2016 | $0.92 |

General Provisions:

1. There shall be no Recognized Loss attributed to any TCPI securities other than common stock, or to any TCPI common stock purchased on a foreign exchange.

2. The date of a purchase or sale is the "trade" date, and not the "settlement" date.

3. The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

4. The date of covering a "short sale" is deemed to be the date of a purchase, and the date of a "short sale" is deemed to be the date of sale.  Shares originally sold short will have a Recognized Loss of zero.

5. Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion. Option premiums and the conversion price for preferred stock will be incorporated into the purchase/sale price of the common stock accordingly.

6. No cash payment will be made on a claim where the potential distribution amount is less than $10. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties.

7. No person shall have any claim against Lead Counsel, the claims administrator, or any Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

8. Class members who do not submit valid Proofs of Claim will not share in the settlement proceeds. Class members who do not either submit a Request for Exclusion or submit a valid Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

## V.   EXCLUDING YOURSELF FROM THE SETTLEMENT

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from *Bai v. TCP International Holdings, Ltd.*, No. 1:16-cv-00102.  Be sure to include your name, address, telephone number, and your signature.  You must also include information concerning your purchase(s), acquisition(s) and sale(s) of TCPI common stock during the Class Period, including the number of shares and the dates of each purchase, acquisition, and sale.  You must mail your exclusion request so that it is **postmarked** no later than _____, 2017 to:

TCP Int'l Litigation,
c/o Strategic Claims Services,
P.O. Box 230,
600 N. Jackson Street, Suite 3, Media, PA 19063
Tel.: 866-274-4004

**You cannot exclude yourself by phone or by e-mail.**  If you do not send your request for exclusion on time, you will be legally bound by all the proceedings in this lawsuit, including all court orders and judgments in the lawsuit, even if you have a lawsuit pending against the Released Persons that covers Released Claims, or if you subsequently start a lawsuit or an arbitration or any other proceeding against any of the Released Persons that are covered by the Released Claims.

Unless you exclude yourself, you give up any right to sue Defendants for the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 2017.

Once you exclude yourself, you will receive no cash payment even if you also submit a claim form, unless you withdraw your notice of exclusion before the deadline.

## VI.   STATEMENT OF ATTORNEYS' FEES AND COSTS

 The Court approved Lead Plaintiff's selection of Pomerantz LLP and Levi Korsinsky LLP to serve as Lead Counsel for Lead Plaintiff and the other Settlement Class Members, including you. You will not be charged for these lawyers' work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

Lead Counsel has not received any payment for its services in conducting this litigation on behalf of Lead Plaintiff and the Class, nor has it been reimbursed for its out-of-pocket expenditures. Lead Counsel has spent extensive time and effort in prosecuting this litigation on a contingent fee basis, and has advanced the expenses of the litigation, in the expectation that if it was successful in obtaining a recovery for the Settlement Class, it would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of a settlement fund as their attorneys' fees and reimbursement of their out-of-pocket expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 30% of the Settlement Amount, plus out-of-pocket expenses incurred in the prosecution of the action in an amount not to exceed $35,000. If the amount requested by counsel is approved by the Court, the average cost would be $0.20 per share. In addition, Lead Plaintiff may request that the Court grant a compensatory award for the time and expenses not to exceed $5000 for each Lead Plaintiff. The Court may award less than these amounts.


## VII.     OBJECTIONS AND FINAL APPROVAL HEARING

If you are a member of the Settlement Class (and you have not excluded yourself), you can object to the proposed Settlement if you do not like any part of it or the request for attorneys' fees and reimbursement of expenses. You may state why you think the Court should not approve the Settlement. The Court will consider your views. To object, you must send a written objection stating that you object to the Settlement in *Bai v. TCP International Holdings, Ltd.*, *et al.*, No. 1:16-cv-00102. Be sure to include your name, address, telephone number, and your original signature (no copies). You must also include proof of the number of shares you purchased and sold during the Class Period, including the number of shares and dates of each purchase, acquisition, and sale, and the reasons you object to the Settlement or any part of it. Your objection must be filed with the Clerk of Court at the address set forth below and received by Lead Counsel and Defense' Counsel **no later than _____, 2017**.

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Northern District of Ohio<br>Carl B. Stokes U.S. Court House<br>801 West Superior Avenue<br>Cleveland, OH 44113 | Leigh Handelman Smollar<br>Pomerantz LLP<br>10 South LaSalle St.<br>Suite 3505<br>Chicago, IL 60603<br>Telephone: (312) 377-1181 | Charles F. Smith<br>Skadden, Arps, Slate,<br>Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606-1720 |

You may object either on your own or through an attorney that you hire at your own expense. If you do hire an attorney to represent you. your attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of that notice to Lead Counsel and Defendants' counsel **no later than _____, 2017**.

*EXHIBIT A-1*

If you exclude yourself, you have no basis to object because the case no longer applies to you.

If you object to the Settlement, you are not required to appear at a hearing.  If you file a timely objection and do want to appear at a hearing, you may ask the Court for permission to speak at the final approval hearing.  To do so, you must include with your objection a statement saying that it is your "Notice of Intention to Appear in *Bai v. TCP International Holdings, Ltd., et al.* No. 1:16-cv-00102."  Persons who intend to object to any part of the Settlement and wish to present evidence at the hearing must also include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

You cannot speak at the hearing if you exclude yourself.

**Final Approval Hearing:**

The Final Approval Hearing shall be held before the Honorable Donald C. Nugent on _____, 2017, at _____ .m., in Courtroom 15A  of the United States District Court for the Northern District of Ohio, Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1842, to determine: (1) whether a Settlement Class should be certified for purposes of the Settlement and whether Lead Plaintiff and its counsel have adequately represented the Class Members; (2) whether the proposed Settlement of the Class's claims against the Defendants for $1,100,000.00 should be approved as fair, reasonable and adequate; (3) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (5) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (6) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (7) whether an application for reimbursement of costs and expenses of Lead Plaintiff members should be granted.

*The Final Approval Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Final Approval Hearing or at any adjournment or continuance thereof, or notification on the docket.*

## VIII.  PROOF OF CLAIM AND RELEASE FORM

*To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form.*  A Proof of Claim is annexed to this Notice. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be filed with the Court-appointed Claims Administrator **postmarked on or before _____, 2017** at the following address:

TCP Int'l Litigation,

*EXHIBIT A-1*

c/o Strategic Claims Services,
P.O. Box 230,
600 N. Jackson Street, Suite 3, Media, PA 19063

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid. A Proof of Claim can also be filed online at www.strategicclaims.net/TCP.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as described in Section III, above, by all members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person/entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Litigation, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a Proof of Claim will be subject to review and further inquiry as to such person's/entity's status as a member of the Class and the allowable amount of the claim.

If you would like acknowledgment of the receipt of your Proof of Claim by the Claims Administrator, please send it by certified mail, return requested, or its equivalent. **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.**

If you do not send in a Proof of Claim before _____, 2017, you will not receive any payments from this Settlement. However, unless you exclude yourself, you will be bound by the terms of the Settlement.

## IX.   SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

Brokerage firms, banks, financial institutions and other nominees ("Nominees") who, during the Class Period, purchased or sold TCPI common stock, CUSIP # 42366C1036, in the name of the Nominees on behalf of beneficial owners of such securities who may be members of the Class, are requested to provide the Settlement Administrator with the name and last known address of each such person or said entity for whom the Nominee executed such transactions, **preferably in an MS Excel data table, or, alternatively, in an MS Word file (label size Avery #5162) or on computer generated mailing labels, setting forth: (1) title/registration, (2) street address, (3) city/state/zip.** The Claims Administrator will then cause the Notice and the Proof of Claim to be mailed promptly to said beneficial owners. Alternatively, Nominees may request additional copies of this Notice and the Proof of Claim from the Claims Administrator, in which case the Nominees are required to promptly mail the Notice and the Proof of Claim directly to the persons for whom the transactions were made and provide the Claims Administrator with written confirmation of having done so. For either alternative, contact the Claims Administrator.

*EXHIBIT A-1*

After receipt of a timely request for reimbursement and detailed supporting documentation, the Claims Administrator will reimburse the Nominee for all costs reasonably incurred in gathering and forwarding the names and addresses of beneficial owners to the Claims Administrator, or forwarding the Notice and the Proof of Claim to beneficial owners, as the case may be. Requests for reimbursement without details on the actual expenses incurred may not be considered.

## X.  FURTHER INFORMATION

This Notice merely provides a brief summary of the Action and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the Action, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action. These papers may be inspected at the Office of the Clerk of the United States District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue Cleveland, Ohio 44113 or online through the Public Access to Court Electronic Records ("PACER") system, available through the Court's website, http://www.ohnd.uscourts.gov/. If you have any questions regarding the information contained in this Notice, you may contact Lead Counsel **in writing** at this address: Leigh Handelman Smollar, Pomerantz LLP, 10 South LaSalle St., Suite 3505, Chicago, Illinois 60603.

You may also visit the Settlement website at www.<TBD> to find the Stipulation and/or download copies of the Notice and Proof of Claim. In addition, you may request additional copies of the Notice and Proof of Claim by contacting the Claims Administrator at the address and telephone number set forth in Section V above.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

DATED: _____, 2017                    BY ORDER OF THE UNITED STATES
                                           DISTRICT COURT FOR THE NORTHERN
                                           DISTRICT OF OHIO