# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| | |
|---|---|
| ADELA BAI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:16-cv-00102 |
| Plaintiffs, | JUDGE: Hon. Donald C. Nugent |
| v. | |
| TCP INTERNATIONAL HOLDINGS LTD., KAREL ROBERT DEN DAAS, ELLIS YAN, and BRIAN CATLETT, | |
| Defendants. | |

## ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT

Lead Plaintiff TCP International Investor Group ("Lead Plaintiff") moved this Court for an order approving the distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"), and the Court having considered all the materials and arguments submitted in support of the motion, including Lead Plaintiff's Notice of Motion and Motion of Lead Plaintiff for Distribution of Net Settlement Fund, and Memorandum of Points and Authorities in Support Thereof; and the Declaration of Josephine Bravata in Concerning the Results of the Claims Administration Process (the "Bravata Declaration"), submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Amended Stipulation of Settlement dated July 24, 2017 (the "Stipulation," ECF No. 71), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Bravata Declaration.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.    The administrative recommendations to accept claims, including the otherwise valid claims filed after the original March 5, 2018 postmark deadline, and on or before June 8, 2018 ("Late But Otherwise Eligible Claims"), and to reject wholly ineligible or otherwise deficient claims, as recommended by the Claims Administrator, Strategic Claims Services ("SCS"), as stated in the Bravata Declaration, are adopted;

4.    Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is APPROVED. Accordingly,

A.    SCS will calculate award amounts to all Authorized Claimants by calculating their pro rata share of the fund in accordance with the Court-approved Plan of Allocation (the Claimant's "Distribution Amount").

B.    SCS will, pursuant to the terms of the Court-approved Plan of Allocation, eliminate any Authorized Claimant whose Distribution Amount calculates to less than $10.00, when the exact distributable amount is determined. Such Claimants will not receive any distribution from the Net Settlement Fund and SCS will send letters to those Authorized Claimants advising them of that fact.

C.    After eliminating Claimants who would have received less than $10.00, SCS will recalculate the pro rata distribution amounts for Authorized Claimants who will receive $10.00 or more pursuant to the calculations described in subparagraph B. above.

D.    SCS will then conduct an Initial Distribution of the Net Settlement Fund by distributing to Authorized Claimants who will receive $10.00 or more their pro rata distribution amounts.

E.     To encourage Authorized Claimants to promptly cash their payments, all Initial Distribution checks will bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."

F.     SCS will endeavor to make reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks. Authorized Claimants who do not negotiate their Initial Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available in the re-distribution to other Authorized Claimants. Similarly, Authorized Claimants who do not negotiate subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Settlement.

G.     After SCS has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but no earlier than six (6) months after the Initial Distribution, SCS, if Lead Counsel has determined that it is feasible and practicable in light of the amount of the remaining Net Settlement Fund and SCS's estimated costs for the second distribution, will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"). If Lead Counsel has determined that a Second Distribution is feasible and practicable, then any amounts remaining in the Net Settlement Fund after the Initial Distribution, and after deducting SCS's estimated fees and expenses incurred in connection with administering the Second Distribution, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who (1) cashed their distribution payment; and (2) are entitled to at least $10.00 from the redistribution based on their pro rata share of the remaining funds.

H.  At such time as SCS and Lead Counsel determine that further re-distribution is not cost-effective, Lead Counsel will seek direction from the Court with respect to the transfer of the balance of the Net Settlement Fund, if any, after payment of any unpaid expenses or fees incurred in connection with administering the Net Settlement Fund the costs of additional distributions, and after the payment of any estimated escrow fees or taxes and the costs of preparing appropriate tax returns, to an appropriate, non-profit 501(c)(3) charitable organization as determined by Lead Counsel.

I.  No further Proofs of Claim and Releases shall be accepted after June 8, 2018, and no further adjustments to Proofs of Claim and Releases shall be made for any reason after June 8, 2018.

J.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim and Releases submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

K.  Unless otherwise ordered by the Court, one year after the Initial Distribution, SCS will destroy the paper copies of the Proofs of Claim and Releases and all supporting documentation, and one year after the all funds have been distributed, SCS will destroy electronic copies of the same; and

5.    This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED:  _July 9, 2018_     _Donald C. Nugent_
                           THE HONORABLE DONALD C. NUGENT
                           UNITED STATES DISTRICT JUDGE